## CHARLES H. SPRAGUE *vs.* TOWN COUNCIL OF TOWN OF WEST WARWICK.

### NOVEMBER 20, 1918.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, and Stearns, JJ.

*(1)  Elections.  Ballots.  Distinguishing marks.*

Where a voter after making a cross in the square at the right of a name, blackened the square with his pencil partially concealing the cross, and placed a cross in the square opposite the name of another candidate, while the act may not have been with any actual wrongful intent, the ballot was rendered capable of identification and was properly rejected.

*(2)  Elections.  Ballots.  Distinguishing marks.*

A ballot containing a cross entirely without the circle and in the blank space between the circle and the emblem was properly rejected.

*(3)  Elections.  Ballots.  Distinguishing Marks.*

On a ballot the voter placed a cross in the circle and also a cross in the square opposite each name on the party ticket. The crosses opposite the names bore evidence of an attempt to erase them, although they were visible. On the same ballot the voter failed to vote in the square assigned for voting on a proposition submitted to the electors, but instead partially blotted out with his pencil the word "no."

*Held,* that the ballot was properly rejected as bearing distinguishing marks.

(4)   *Elections.   Ballots.   Distinguishing Marks.*

A ballot which contained two very fine and somewhat dim pencil marks, apparently inadvertent touches of the pencil during the operation of marking the ballot was entitled to be counted.

(5)   *Elections.   Ballots.   Distinguishing Marks.*

Ballots, one of which contained a cross within the circle and a pencil mark in the immediate vicinity of the circle, and another whereon there was a somewhat faint pencil line extending across the circle, the circle not having been used, the voter placing crosses in the squares at the right of the names, were entitled to be counted, the marks apparently being inadvertently made during the marking of the ballots.

CERTIORARI.   Heard and relief granted.

VINCENT, J.   This is a petition for a writ of *certiorari* brought by Charles H. Sprague of the town of West Warwick in the State of Rhode Island and sets forth that the petitioner was a candidate for the office of first councilman of the town council of said West Warwick at the election held on November 5, 1918; that at such election he received a majority of the votes cast for that office; that the votes were counted by the several moderators of the several voting districts in said town and that by such count it appeared that the petitioner had received a majority of the votes for said office; that said votes were duly transmitted to the town clerk of said town of West Warwick and that on November 6, 1918, the town council of West Warwick, sitting as a board of canvassers, counted the ballots cast for the office of first councilman and declared that the petitioner, Charles H. Sprague, the republican candidate for said office, and Frank P. Duffy, the democratic candidate for said office, had each received the same number of votes; and thereupon said town council, acting as a board of canvassers as aforesaid, declared that there had been no election for the office of first councilman in said town of West Warwick at said election held on November 5, 1918.

The petition further alleges that said town council of West Warwick, acting as a board of canvassers as aforesaid, wrongfully and illegally held that certain ballots cast for

the said Charles H. Sprague bore distinguishing marks and therefore were defective and void and could not be counted for the said Charles H. Sprague, whereas in truth and in fact said ballots were lawful ballots and should have been so declared and counted.

Upon this petition a writ of *certiorari* was issued to the town council of the town of West Warwick commanding the production, before this court, of the ballots cast for first councilman at said election together with the record of said town council, acting as a board of canvassers, relating thereto.

The record of the proceedings referred to and the ballots alleged to have been improperly rejected are before us. These ballots are six in number. They were offered in evidence at the hearing by the petitioner and marked as exhibits from one to six both inclusive.

(1) In exhibit number one it is evident that the voter after making crosses in the squares at the right of the greater part of the names comprising the republican ticket, either changed his mind regarding one of the names to which he had appended the cross or had placed the cross in the square unintentionally. To make the correction which he desired, he blackened the square with his pencil partially concealing the cross and placed a cross in the square opposite the name of the candidate for the same office on the democratic ticket.

(2) In exhibit number three the voter with the apparent intention of voting the straight republican ticket placed a cross entirely without the circle and in the blank space between the circle and the eagle.

In exhibit number six the voter seems to have placed a cross in the circle and also a cross in the square opposite each name on the republican ticket. The crosses opposite the names bear evidence of an attempt to erase them although they are still apparent without close scrutiny. At the bottom of this same ballot are the words, "will this town (3) grant licenses for the sale of intoxicating liquors." These words are enclosed between two horizontal and parallel

lines.    These lines are extended to the right so as to include two squares one above the other.    On the left of these squares and between the horizontal lines the word "yes" is placed opposite the upper one and the word "no" opposite the lower one.    The voter failed to place any mark within either of these squares but instead partially blotted out with his pencil the word "no."

The markings upon the ballots, exhibits one and six, though probably not in either case designed by the voter to be a distinguishing mark, for the purpose of subsequent identification, would nevertheless furnish the means by which such identification would be feasible.    The nature of these markings leaves no ground for an inference that they resulted from accident or inadvertence.    They were made deliberately and intentionally to serve a purpose which the voter had in mind.    While the voter in each case may not have had any actual wrongful intent he has as a matter of fact placed something upon his ballot rendering it capable of identification.

In regard to the ballot exhibit three there is little that need be said.    The cross being entirely without the circle there is a failure to comply with the statute and the petitioner does not claim that such ballot should be counted.

We think that these ballots, exhibits one, three and six, were properly rejected.

(4)    Upon the ballot exhibit two there are two pencil marks. These marks are very fine, somewhat dim and are not such as would readily attract the attention of an ordinary observer.    Their position and appearance fails to suggest any connection between them and anything else appearing upon the ballot.    They have no descriptive form or characteristics and seem to be nothing more than inadvertent touches of the pencil during the operation of marking the ballot.

(5)    Upon the ballot exhibit four there is a cross within the circle and a pencil mark in the immediate vicinity of the circle and upon the ballot exhibit five there is a somewhat

faint pencil line extending across the circle, the circle not having been used, the voter placing crosses in the squares at the right of the names of the candidates for whom he desired to vote. What we have said as to the ballot exhibit two is equally applicable to the ballots exhibits four and five.

By General Laws, 1909, cap. 11, § 46, it is provided that "no voter shall place any mark upon his ballot by which it may be afterwards identified as the one voted by him." In the case of *Rice* v. *Town Council of Westerly*, 35 R. I. 117, at pp. 122 and 123, this court has clearly stated the rule which should be applied in determining the validity of ballots bearing additional marks and has distinguished those ballots where the voter places upon his ballot a mark unconnected with the voting mark, which additional mark appears to have been knowingly and intentionally placed, from those where it appears that the voter has made some additional mark inadvertently or through want of skill in the handling of the pencil.

We think that the three ballots, exhibits two, four and five, are valid ballots and should have been counted for the petitioner Charles H. Sprague.

So much of the record of the town council of West Warwick acting as a board of canvassers, as declares that there was no election for first councilman and that the three ballots, exhibits two, four and five are defective and void and could not be counted for the said Charles H. Sprague is quashed.[1]

*Alexander L. Churchill, John F. Murphy, Felix Hebert,* for petitioner.

*Joseph C. Cawley, Patrick F. Barry, Town Solicitor of West Warwick,* for respondent.

---

[1] Petition for re-argument denied, November 22, 1918.